STATE OF MAINE

CUMBERLAND, ss.

SUPERIOR COURT
CRIMINAL ACTION
Docket No. CR-08-1238
*W<sub>p</sub> -CUM - 9/4 ...*

STATE OF MAINE,

v.

DECISION

JAKE RICHARDSON,

Defendant.

## FINDINGS

1. Officer Christopher Woodcock was investigating a reported criminal mischief in Cumberland on March 15, 2008 at 4 a.m.

2. It was snowing and there was minimal traffic.

3. Officer Woodcock saw a truck roll through a stop sign without stopping. He suspected that the driver of the truck was involved in the mischief and began looking for a reason to stop the car.

4. He had difficulty catching up to the car because of the snow.

5. The car turned onto Phillips Street.

6. Officer Woodcock observed the tracks of the truck. He inferred from the tracks (which were the only tracks on the road) that the truck had taken the Phillips Street corner too sharply because it had hit the snow bank.

7. Phillips Street is a dead end road. Officer Woodcock observed from the tracks that the truck was all over the road.

8. Officer Woodcock followed the tracks to a driveway where a white Ford Ranger was parked.

A True Copy
Attest: *Jolly A Buyt*
*Clerk...*

9. Officer Woodcock never activated his siren or lights. He parked by the driveway and approached the truck's driver, who was defendant Jake Richardson. The truck was still running.

10. Mr. Richardson said to Officer Woodcock, "I'm in really big trouble now."

11. Officer Woodcock observed that Mr. Richardson's eyes were glassy and bloodshot. There was a smell of alcohol coming from both the truck and Mr. Richardson. Mr. Richardson admitted drinking.

12. Officer Woodcock took the truck keys from Mr. Richardson and eventually placed him in custody.

## DISCUSSION

Mr. Richardson has moved to suppress on grounds that there was insufficient articulable suspicion to stop and insufficient probable cause to take him into custody.

I am not sure that a "stop" ever took place in this case. Officer Woodcock never activated his emergency lights or the siren. Nevertheless, there were sufficient grounds for a stop. Mr. Richardson rolled through a stop sign, which was, standing alone, sufficient grounds for a stop. By the time Officer Woodcock approached Mr. Richardson at the parked truck, he had observed the tracks from the truck. The tracks showed a too-sharp turn into a snow bank and weaving in the road.

As for probable cause, by the time Officer Woodcock took Mr. Richardson into custody, his evidence consisted of the erratic driving cited above, the bloodshot and glassy eyes, the smell of alcohol, an admission to drinking and an incriminating statement that "I'm in really big trouble now." That is sufficient probable cause to take someone into custody for purposes of an intoxilyzer test. It might not be proof beyond a reasonable doubt but it is probable cause.

A True Copy
Attest: _Jolly A. Bright_
Clerk of Court

2

Mr. Richardson argues that Officer Woodcock's credibility was damaged by the fact that he cited in his report a pre-arrest breath test that Mr. Richardson flunked. Officer Woodcock admitted on the stand that he never administered that particular test to Mr. Richardson. Officer Woodcock was not asked why he included this incorrect information in his report. He said he often uses the pre-arrest breath kit even though he knows it is inadmissible. In the absence of any evidence of deliberate deception, I conclude that Officer Woodcock simply made a mistake. There was no evidence that contradicted any of the rest of Officer Woodcock's testimony so I conclude this lapse on the officer's part was not fatal.

The clerk will make the following entry on the docket by reference:

Defendant Jake Richardson's motion to suppress is denied in all respects.

DATED:     September 3, 2008

_____
William S. Brodrick
Justice, Superior Court
Active-Retired

A True Copy
Attest: _____
Clerk

3